UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAMOND J. ROKER, CR.,

       Plaintiff,

   -against-

TWENTIETH CENTURY FOX, ET AL.,

       Defendants.

20-CV-5350 (CM)

ORDER DIRECTING PRISONER
AUTHORIZATION

COLLEEN McMAHON, Chief United States District Judge:

  Plaintiff, currently incarcerated at the Northwest Correctional Complex in Tiptonville, Tennessee, brings this action *pro se*. To proceed with a civil action in this Court, a prisoner must either pay $400.00 in fees – a $350.00 filing fee plus a $50.00 administrative fee – or, to request permission to proceed without prepayingfees, submit a signed IFP application and a prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915.

  If the Court grants a prisoner's IFP application, the Prison Litigation Reform Act requires the Court to collect the $350.00 filing fee in installments deducted from the prisoner's account. *See* 28 U.S.C. § 1915(b)(1). A prisoner seeking to proceed in this Court without prepaying fees must therefore also authorize the Court to withdraw these payments from his account by filing a "prisoner authorization," which directs the facility where the prisoner is incarcerated to deduct the $350.00 filing fee[1] from the prisoner's account in installments and to send to this Court certified copies of the prisoner's account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b).

---

  [1] The $50.00 administrative fee for filing a civil action does not apply to persons granted IFP status under 28 U.S.C. § 1915.

By order dated July 13, 2020, the Court directed Plaintiff to submit an IFP Application and Prisoner Authorization within 30 days. Plaintiff submitted an IFP application on July 16, 2020 (ECF No. 4), but he did not submit a prisoner authorization.[2] Unless Plaintiff submits the prisoner authorization form as directed in the July 13, 2020 order, the Court will dismiss the action without prejudice. If Plaintiff submits the prisoner authorization, it should be labeled with docket number 20-CV-5330 (CM).[3] A prisoner authorization form is attached to this order.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. No summons shall issue at this time. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   July 27, 2020
         New York, New York

_____
         COLLEEN McMAHON
         Chief United States District Judge

---

[2] Plaintiff also filed an amended complaint and an application for the Court to request *pro bono* counsel. (ECF Nos. 3, 5).

[3] Plaintiff is cautioned that if a prisoner files an action that is dismissed as frivolous or for failing to state a claim, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file actions *in forma pauperis* as a prisoner, unless he is under imminent danger of serious physical injury, and must pay the filing fee at the time of filing any new action.

2