UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAMOND J. ROKER, SR.,

                              Plaintiff,

          -against-

TWENTIETH CENTURY FOX; FOX
BROADCASTING COMPANY/FOX
TELEVISION STATIONS, INC., d/b/a
WHBQ-TV, Fox Channel 13 (Memphis);
COX MEDIA GROUP, INC., d/b/a/ WHBQ-
TV, FOX 13; KIM GUTHRIE; BRETT
FENNELL (collectively FOX Corp.),

                              Defendants.

20-CV-5350 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

Plaintiff, currently incarcerated in Northwest Correctional Complex in Tennessee, brings this action *pro se*. He alleges that his former employer, WHBQ-TV, FOX 13, aired defamatory news reports about him in 2016, in retaliation for Plaintiff's having filed a race discrimination charge with the Equal Employment Opportunity Commission (EEOC) in 2004. In his initial complaint, Plaintiff alleges that Defendants violated the non-disparagement clause in his 2004 settlement agreement mediated by the EEOC, and he seeks to compel arbitration. In his amended complaint (ECF 3), Plaintiff asserts that Defendants retaliated against him, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, 42 U.S.C. § 1983, and state law. Plaintiff also moves for the Court to request *pro bono* counsel to represent him. (ECF 5.)

By order dated August 7, 2020, the Court granted Plaintiff's request to proceed *in forma pauperis*. For the reasons set forth below, the Court denies Plaintiff's motion for *pro bono*

counsel without prejudice to renewal and grants Plaintiff leave to file a second amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Damond Roker alleges the following facts in his amended complaint. Between 2002 and 2004, Plaintiff worked as a photo-journalist assigned to the WHBQ-TV, Fox Channel 13 station in Memphis, Tennessee. (Am. Compl., ECF 3 at 7.) On August 13, 2003, Plaintiff filed a complaint with the EEOC in Memphis, alleging that his employer failed to promote him because of his race. (*Id.*) In January 2004, Plaintiff and his employer entered into a private settlement mediated by the EEOC that included confidentiality, nondisclosure, and non-disparagement provisions. The settlement agreement provided that it was to be governed by New York law, and it "continues into perpetuity." (*Id.*)

Plaintiff later founded the Redemptive Life Church and served as its lead minister and teaching elder; the church's services were televised locally and nationally. (*Id.* at 8.) On an unspecified date, Plaintiff was arrested on allegations of sexual assault, and he is currently incarcerated in Tennessee, after entering into a plea agreement. (*Id.*)

Between July 1, 2016, and July 31, 2016, WHBQ-TV Fox 13, produced and aired a series of news reports about Plaintiff, which were false and misleading (*id.* at 7), in ways that Plaintiff does not identify. One story was titled, "Fox 13 News Uncovers Pastor's Violent Past," and "displayed a mug shot photo of Plaintiff." (*Id.* at 4.) Plaintiff requested, by phone and in writing, that the news story be removed, but he received no response.

Plaintiff brings this suit against four corporations: Cox Media Group, which he alleges is incorporated and has its principal place of business in Georgia; and Twentieth Century Fox, Fox Broadcasting Company, and Fox Television Stations, Inc., each of which he alleges is a Delaware corporation with its principal place of business in New York. Plaintiff also sues CEO Kim Guthrie, and Vice President Brett Fennell of Cox Media Group, Inc. in Georgia, for failing "to supervise the management and staff of WHBQ-TV Fox 13" in Tennessee, or to implement and enforce the antiretaliation provisions of Title VII. (*Id.* at 10.) Plaintiff seeks damages and an injunction compelling Defendants to remove the news articles, or in the alternative, an order staying this action and compelling Defendants to arbitrate this matter.

## DISCUSSION

### A.    Claims under 42 U.S.C. § 1983

A claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). As all Defendants are private individuals or entities who do not work for, or constitute part of, any state or other government body, Plaintiff has not stated a claim against any Defendant under § 1983.

### B.    Retaliation Claims under Title VII

Title VII provides that "[i]t shall be an unlawful employment practice for an employer … to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a).

These antidiscrimination provisions prohibit employers from mistreating an individual because of the individual's protected characteristics, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007), or retaliating against an employee who has opposed any practice made unlawful by those statutes, *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions). Mistreatment at work that occurs for a reason other than an employee's protected characteristic or opposition to unlawful conduct is not actionable under these federal antidiscrimination statutes. *See Chukwuka v. City of New York*, 513 F. App'x 34, 36 (2d Cir. 2013) (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)).

To state a retaliation claim under Title VII, an employee must "plausibly allege that: (1) defendants discriminated — or took an adverse employment action — against him, (2) 'because' he has opposed any unlawful employment practice." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 90 (2d Cir. 2015). At the pleading stage, "a plaintiff need only give plausible support to a minimal inference of discriminatory motivation." *Id.* at 84 (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015)).

Here, Plaintiff alleges that he engaged in protected activity in 2004 by filing charges of race discrimination against Defendants. Defendants allegedly retaliated against him in 2016, long after his departure from employment with Fox, by filing news reports which were at least in part false or defamatory. A plaintiff need not be employed by the defendant at the time of the alleged adverse employment action, as long as the adverse employment action was "related to or arising out of" an employment relationship. *Pantchenko v. C. B. Dolge Co., Inc.*, 581 F.2d 1052, 1055 (1978). Plaintiff fails to plead any facts, however, plausibly suggesting a causal connection between his protected activity in 2004, and the adverse action taken by the employer in 2016.

The causal connection between a plaintiff's protected activity and his employer's actions can be shown either "(1) indirectly, by showing that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence such as disparate treatment of fellow employees who engaged in similar conduct; or (2) directly, through evidence of retaliatory animus directed against the plaintiff by defendant." *Raniola v. Bratton*, 243 F.3d 610, 625 (2d Cir. 2001). The Second Circuit "has not drawn a bright line to define the outer limits beyond which a temporal relationship is too attenuated to establish a causal relationship," *Gorman–Bakos v. Cornell Co-op. Extension of Schenectady*, 252 F.3d 545, 554 (2d Cir. 2001) (holding that passage of three or four months "was brief enough to support an inference of a causal connection between the free speech and the alleged retaliatory actions"); *but see, e.g.*, *Corbett v. Napolitano*, 897 F. Supp. 2d 96, 113 (E.D.N.Y. 2012) (holding that "three-year gap between the alleged retaliatory act and the protected activity on which it is predicated is too lengthy to establish an indirect inference of retaliation"). Courts have declined to dismiss cases at the pleading stage for lack of causal connection, however, "where plaintiffs have alleged additional facts that suggest a plausible scenario of a causal connection or explain why the time lapse is so lengthy." *Id.* at 114.

Here, Plaintiff alleges that in 2016, he was a public figure regularly appearing on national and local television when Defendants reported on the newsworthy topic that Plaintiff had been arrested on charges of sexual assault; Plaintiff does not argue that the report of his arrest was inaccurate, but he does allege that the report included unspecified information that was either false or misleading. No plausible inference can be drawn that Defendants included misleading information in their reporting on a newsworthy event because Plaintiff had filed a discrimination charge against them twelve years earlier. Plaintiff thus fails to plead facts suggesting a causal

connection between the news articles and his protected activity, and his allegations do not state a claim for retaliation in violation of rights under Title VII.[1]

  Plaintiff also styles his Title VII claim, in the alternative, as a claim that Defendants violated the non-disparagement clause of his EEOC-mediated settlement agreement by publishing the news articles in 2016. It is unclear from the allegations of the complaint what type of communication the non-disparagement clause prohibited the employer from making (*e.g.*, whether the employer was only barred from making false statements, or statements related to Plaintiff's job performance). Plaintiff thus has not plausibly alleged that the non-disparagement clause governed Defendants' publication of a news story about Plaintiff in 2016.[2]

  District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects unless it would be futile to do so. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The Court grants Plaintiff leave

---

[1] Before filing suit under Title VII, a plaintiff generally must first file a timely charge with the EEOC and obtain a Notice of Right to Sue. *See* 42 U.S.C. § 2000e-5(e)(1); *see also Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135, 146 (2d Cir. 2012). In New York, this charge must be filed with the EEOC within 300 days of the alleged act of discrimination. 42 U.S.C. § 2000e-5(e)(1); *see Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002); *Tewksbury v. Ottaway Newspapers*, 192 F.3d 322, 325-28 (2d Cir. 1999). Plaintiff has not included any information in his amended complaint about whether he exhausted his claims that Defendants retaliated against him in 2016 by publishing these news reports. However, "Title VII's charge-filing instruction is not jurisdictional," *Fort Bend Cnty., Texas v. Davis*, 139 S. Ct. 1843, 1846 (2019), and "the burden of pleading and proving Title VII exhaustion lies with defendants and operates as an affirmative defense." *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 491 (2d Cir. 2018). The Court therefore need not reach the issue at this stage.

[2] Plaintiff also does not allege that he exhausted his claim that Defendants breached the settlement agreement by timely raising it with the EEOC, or, if so, whether the EEOC concluded that the non-disparagement provision arising from Plaintiff's employment discrimination claim governed the 2016 publication of news about Plaintiff. *See, e.g., Daigle v. West*, 25 F. Supp. 2d 236, 246 (N.D.N.Y. 2002) (holding that federal courts owe some deference, under *Chevron U.S.A., Inc. v. Natural Res. Defense Council*, 467 U.S. 837, 843–44 (1984), to agency's interpretation of a settlement agreement but only where the federal court determines that the terms of the settlement agreement are ambiguous).

to amend his complaint to: (1) replead his Title VII retaliation claims to include any facts plausibly suggesting some causal connection between the 2016 news reports that he challenges and his 2004 claims of race discrimination in employment; or (2) plead facts about his settlement agreement plausibly suggesting that the non-disparagement clause governs the 2016 events.

### C.    State Law Claims

Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)); 28 U.S.C. § 1367(c)(3). Plaintiff, however, has invoked the Court's diversity jurisdiction. He alleges that he is a citizen of Tennessee and the corporate defendants are citizens of Georgia, Delaware, and New York. (ECF 3 at 3.) He also seems to allege that the individual defendants are domiciled in Georgia, where he lists their places of employment. Plaintiff may therefore be able to proceed with his defamation and other state law claims under the Court's diversity jurisdiction, whether or not he succeeds in stating a claim under federal law.

Because Plaintiff alleges that only some Defendants reside in this district and that Plaintiff's claims arose outside this district, venue for Plaintiff's state law claims may not lie in this district under 28 U.S.C. §§ 1391(b)(1)-(2).[3] Venue does lie in the United States District

---

[3] Under the general venue provision, a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, an individual resides in the district where the person is domiciled, and a corporation resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . ." 28 U.S.C. §§ 1391(c)(1)-(2).

Court for the Western District of Tennessee because the events giving rise to Plaintiff's claims took place in Tennessee. 28 U.S.C. § 123. It appears that Plaintiff brought suit in New York because his EEOC settlement agreement includes a New York choice-of-law provision.[4] If Plaintiff files a second amended complaint, depending on the claims Plaintiff chooses to replead, he may wish to specify the basis for venue in this Court in any amended complaint that he chooses to file.

**D.      Request for Pro Bono Counsel**

The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to detail his claims. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the second amended complaint.

---

[4] Plaintiff does not allege that the settlement agreement contains a forum selection clause specifying New York courts as the venue for claims for breach of the settlement agreement. Moreover, even if the settlement agreement specified that New York would be the proper forum for claims asserting a breach of the agreement, that alone would not suffice to establish subject matter jurisdiction in a federal district court. *See also Hoffman v. Blaski*, 363 U.S. 335, 342–43 (1960) (holding that parties cannot create subject matter jurisdiction through contractual forum selection clause.).

To the greatest extent possible, Plaintiff's second amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's second amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's second amended complaint will completely replace, not supplement, the amended complaint (ECF 3), any facts or claims that Plaintiff wishes to maintain must be included in the second amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court denies Plaintiff request for *pro bono* counsel, without prejudice to renewal of his application.

Plaintiff is granted leave to file a second amended complaint that complies with the standards set forth above. Plaintiff must submit the second amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as a "Second Amended Complaint," and label the document with docket number 20-CV-5350 (LLS). A Second Amended Complaint form is attached to this order. No summons will issue at this time. If

Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the federal claims in the amended complaint will be dismissed for failure to state a claim upon which relief may be granted, and the Court will consider whether to transfer the state law claims to the United States District Court for the Western District of Tennessee under 28 U.S.C. § 1406.

SO ORDERED.

Dated:     August 24, 2020
           New York, New York

                                                   _Louis L. Stanton_
                                                     Louis L. Stanton
                                                        U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


                    -against-


_____

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)

SECOND AMENDED
COMPLAINT

Do you want a jury trial?
   ☐ Yes    ☐ No


---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
              (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

## A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                    Middle Initial        Last Name

_____

Street Address

_____

County, City                              State                Zip Code

_____

Telephone Number                          Email Address (if available)

**B.   Defendant Information**

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:
_____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                                State                    Zip Code

Defendant 2:
_____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                                State                    Zip Code

Defendant 3:
_____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                                State                    Zip Code

Defendant 4:

_____

First Name                        Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State                Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical
treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:
☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.



**United States District Court
Southern District of New York**

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____


_____
Name (Last, First, MI)


_____
Address                City                State                Zip Code


_____
Telephone Number                E-mail Address


_____
Date                Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007